I. E. McGILVERY v. STATE.

No. A-7455.  Opinion Filed May 17, 1930.
(288 Pac. 400.)

Mathers & Mathers, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Oklahoma county on a charge of maintaining a public nuisance, and his punishment fixed by the jury at a fine of $200 and confinement in the county jail for thirty days.

The evidence of the state was that the defendant operated a place, the first door north of the City Views Mercantile Company at the northeast corner of Sixty-Third and Western avenue, Oklahoma City, Okla.; that the officers had watched this place for a week prior to the time of the arrest of defendant, and that large numbers of people came and went from this place at all hours of the day and night congregating there; that on the day of the arrest the officers saw a negro named Walker come from this place with a sack containing a jug; that they pursued Walker for a mile, captured him, and found that the sack contained a gallon of whisky which had been taken from defendant's place by Walker; that, when they entered the place, they did not find the defendant there, but did find

a negro named Mitchell; they found a gallon of whisky, ten or eleven gallon jugs, about a dozen one-half gallon jugs and about 150 pint bottles; that while they were there one man called over the telephone to know if he had enough stuff; that others called, but the officer did not remember just what the calls were; that people came there while the officers were there, among them defendant's brother, who gave an alias name; that while they were there defendant came with a young woman, and said the place belonged to him.

The defendant did not take the witness stand, but called neighbors who testified that they had never seen anything wrong about the place. The evidence of the state was sufficient to support the verdict of the jury.

The defendant next contends that the search warrant was a John Doe warrant, and was insufficient because the officer knew the name of the defendant. D. M. Kean, the officer who made the affidavit, while testifying in the case, said that he knew the defendant, but there is no evidence that the officer knew at the time he made the affidavit for the search warrant that defendant was the proprietor of the place. The affidavit and search warrant were sufficient to authorize the search of the premises of the defendant.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.